## Edward Krider, Appellant, *v.* The City of Philadelphia.

*Evidence—Assessment for taxes—Assessors' duties—Credibility of witness—Charge of court.*

On the trial of an appeal from a road jury in proceedings to open a street, where a tax assessor has testified on behalf of a land owner he may be asked on cross-examination, for the purpose of testing his credibility, at what amount he had assessed the land for tax purposes; and if he testifies that the tax assessment was much less than the valuation which he placed upon the land, it is not reversible error for the court to comment upon the difference as bearing upon the credibility of the witness.

Argued Jan. 13, 1897. Appeal, No. 484, Jan. Term, 1896, by plaintiff, from judgment of C. P. No. 1, Phila. County, March T., 1895, No. 706, on verdict for defendant. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Appeal from report of road jury. Before BRÉGY, J.

At the trial Robert Paschall, the tax assessor of the district in which the land was situated, was called as a witness by the plaintiff, and after testifying that the land was worth $4,000 an acre, was then cross-examined as follows:

" Q. You are a real estate assessor? A. Yes, sir. Q. And have the assessments of the Krider property? A. Yes, sir. Q. What was the assessment of the property of Mr. Krider?"

Mr. Goodbread: I object.

Objection overruled. Exception and bill sealed for plaintiff.

"A. $1,000 per acre." [1]

The court charged in part as follows:

[Gentlemen: Ordinarily there would be little more to say, but something has happened here, a piece of testimony given and alluded to by counsel in their remarks, to which I wish to call your attention. The assessor of the district was called upon the stand, and I think he said the property was worth $4,000 an acre before the street was opened through it, and then said under cross-examination, as the assessor of the district, he assessed it at $1,000 an acre, and when further pressed, said it was the custom to assess these properties low, 25%, I think. Counsel argued to you that custom made a law, and that many of the old laws were the result of custom; but let me say to you, gentlemen, that no customary violation of the law can make good law. No official by constantly and incessantly violating a law can overcome it, and no number of years of violation of an act of assembly or an act of legislature can wipe out that act of legislature. Now, that assessor who was on the stand, when he went into office, took this oath: "I will justly and honestly to the best of my judgment, assess and value every property, lot, piece or tract of land, with the improvements thereon, by the rate or price which I shall, after due examination and consideration, believe the same would sell for after a full public notice." That is the oath he took when he went into office, that he would assess that property at what he believed it would bring at a fair public sale after due notice. Now, after having sworn to do that, he assesses it at $1,000 per acre, and swears to you at the same time it was worth $4,000 an acre. He either violated his oath of office, or did not tell the truth here.] [2]

Verdict and judgment for defendant. Plaintiff appealed

*Errors assigned* were (1) ruling on evidence, quoting the bill of exceptions; (2) above instruction, quoting it.

*Joseph S. Goodbread*, for appellant.—The courts of this commonwealth have never allowed, in the trial of road cases, the assessed value of property to be given in evidence, for the reason,

that the assessment is no indication whatever of the market value of the property: Schuylkill River R. R. v. Stocker, 128 Pa. 242; Hanover Water Co. v. Ashland Iron Co., 84 Pa. 279; Lukens v. Phila., 13 W. N. C. 86; Cummings v. Merchant's Nat. Bank of Toledo, 101 U. S. 153.

The credibility of this witness was for the jury and not for the court. It is error for the court in charging the jury to state as a fact something which is unauthorized by the evidence, and, consequently, misleading: Com. v. Swayne, 1 Pa. Superior Ct. 547; Galland v. Schroeder, 21 W. N. C. 103; Allinson v. United States, 160 U. S. 203.

*David Lavis* and *James Alcorn*, assistant city solicitors, and *John L. Kinsey*, city solicitor, for appellee were not heard, but in their printed brief argued.—The assessed value of the property was in evidence, but it was not introduced for the purpose of fixing the assessment as the value of the property, but merely to affect the opinion of this witness as an expert. The question as to the assessment was asked for the sole purpose of affecting the opinion of this witness. It was proper cross-examination, as it went only to the credibility of the witness: Dawson v. Pittsburg, 159 Pa. 317.

It is the right, and in some cases it becomes the duty of the judge to express his opinion upon the character of the testimony which he must submit to the jury, but it should be done in such a manner as to leave them in possession of the question that belongs to them: Spear v. R. R., 119 Pa. 61; Leibig v. Steiner, 94 Pa. 466; McClintock v. R. R., 21 W. N. C. 133.

PER CURIAM, January 25, 1897:

There is nothing in either of the specifications of error that would justify us in reversing the judgment. Neither of them is sustained.

Judgment affirmed.